SAMUEL, Judge
(dissenting).
It was part of plaintiff’s job to fasten each steel bundle with the sling prepara *329 tory to unloading. Some of the bundles were unloaded in this fashion. The truck driver than began assisting, taking over plaintiff’s duty of attaching the cable. He made the attachment to the strap which was designed only to hold the bundle together and was of insufficient strength to be used in lifting the bundle. Myers objected to this procedure and as a result the sling was used for a short time. But the driver later again began hooking to the strap. Plaintiff objected to this procedure on two occasions, telling the driver to use the sling. He, plaintiff, knew the straps were not to be used for the purpose of lifting the bundle, that they were employed only to keep the bundles together and that the procedure of hooking to the strap was exceedingly dangerous.
There is no evidence that Myers ordered plaintiff to guide the bundles over plaintiff’s protests. Nor is there any evidence that plaintiff protested to Myers. He simply protested to the truck driver, who was doing plaintiff’s job, and continued his work in guiding the load despite the extreme and, to him, obvious danger which would result from a strap being broken by the weight of the bundle. Plaintiff had no compelling duty, actually no duty at all, to continue working under the imminent danger of a breaking strap. In my opinion, quite clearly, a simple protest by plaintiff to Myers would have resulted either in the latter insisting that the driver use the sling or that plaintiff himself hook up as his job required. In any event, there is no evidence suggesting plaintiff would have been penalized in any way if he had refused to guide bundles hooked to the strap. The contrary is true since Myers agreed such procedure was dangerously improper.
Whether plaintiff’s actions come within assumption of the risk or contributory negligence is immaterial. Both were pleaded, he was guilty of one or the other, and either bars recovery.
I respectfully dissent.